WILLIAM YUCKER et al.

*v.*

ARTHUR MORRIS et al.

[Submitted March 27th, 1916. Decided June 19th, 1916.]

1. A district court judgment, docketed in the common pleas, operates as a judgment obtained in a suit originally commenced in the common pleas.

2. In a suit in partition, wherein a sale of lands sought to be partitioned is made, and a judgment is obtained against a distributee at any time prior to the distribution of the proceeds of sale, such judgment creditor may have payment of the judgment out of the proceeds of the sale of such share against which such judgment would be a lien had such share been owned by the debtor in severalty.

3. A tenant in common of lands sold in a partition proceeding was made a defendant as "T. Edward Morris." Pending suit a judgment was obtained against him by that name in the district court, and was subsequently docketed in the common pleas as "Edward Morris," defendant. Still later "Thomas E. Morris" ordered the sale master to pay his share of the funds to a trust company on account of an obligation which fell due before the recovery of the judgment. It was admitted that Morris was known by the several names of "T. Edward Morris," "Edward Morris" and "Thomas E. Morris," and that he was the distributee in the partition suit and the defendant in the judgment, and the person who signed the order. On application for distribution it appeared that the trust company had parted with nothing to obtain the order, and was not misled or induced to alter its position to its disadvantage by reason of the error in docketing.—*Held*, that the judgment creditor takes the fund in preference to the trust company.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, whose opinion is reported in *85 N. J. Eq. 476.*

Mr. *Leon Abbett,* for the executors of Louisa M. Tournade, deceased.

Mr. *George J. McEwan,* for the Highland Trust Company.

The opinion of the court was delivered by

TRENCHARD, J.

This was originally a partition suit. One of the tenants in common of the lands sold in the proceeding was made a defendant as "T. Edward Morris."

Shortly after the bill was filed one Louisa M. Tournade recovered a judgment in the Hoboken district court against "T. Edward Morris"—the date of the recovery being May 12th, 1914, and the return day of the subpœna in the partition suit being May 5th, 1914.

On May 14th, 1914, the Tournade judgment was docketed in the Hudson county common pleas court under the title of "Louisa M. Tournade, plaintiff, *v.* Edward Morris, defendant." After this docketing, and on December 7th, 1914, Louisa M. Tournade was admitted as a party defendant in the partition suit.

On June 13th, 1914, "Thomas E. Morris" signed a "request" directed to the special master who should thereafter sell the property in the partition proceeding, requesting the master to deduct from his distributive share of the proceeds of sale "the sum of $130 and interest from April 26th, 1914, together with protest fees amounting to $1.60," and to pay the same to the order of the Highland Trust Company.

The lands were sold by the special master October 6th, 1914, and the proceeds of the sale were deposited with the clerk of the court.

When the question of the distribution of the fund came up

upon an application under *Comp. Stat. p. 3907* ¶ *31*, both the executors of Mrs. Tournade (who was then dead) and the Highland Trust Company claimed to be entitled to be paid the share of Morris, that share being not sufficient to pay both claims.

The learned vice-chancellor held that the Highland Trust Company was entitled to the fund, basing his conclusion upon the fact that the judgment docketed in the Hudson common pleas court against "Edward Morris" was a misnomer, and therefore void and of no effect against the Highland Trust Company.

We are of the opinion that such conclusion cannot be sustained.

A district court judgment, docketed in the common pleas, operates as a judgment obtained in a suit originally commenced in the common pleas. *Comp. Stat. p. 2005* ¶ *172*.

In a suit in partition, wherein a sale of the lands sought to be partitioned is made, and a judgment is obtained against a distributee at any time prior to the distribution of the proceeds of sale, such judgment creditor may have payment of the judgment out of the proceeds of the sale of such share against which such judgment would be a lien had such share been owned by such debtor in severalty. *Comp. Stat. p. 3907* ¶ *31*.

It appears from the "agreed facts" that the judgment in the district court was recovered against "T. Edward Morris." It likewise appears that this "T. Edward Morris," against whom such judgment was obtained, was the same person who was the defendant and distributee in the partition suit and who executed the request for the payment of his share to the Highland Trust Company. This request was signed about a month after the docketing of the judgment in the court of common pleas. The judgment in the district court was undoubtedly valid. The designation of the defendant as "Edward Morris," instead of "T. Edward Morris," in the record of the judgment in the common pleas court, will be presumed to have been due to the mistake either of the clerk of the district court in making out the "statement" thereof, or of the clerk of the court of common pleas in making his record, since, by the statute, it is provided

that in case of docketing such a judgment the statement is made by the clerk of the district court and the entry is made by the clerk of the court of common pleas. *Comp. Stat. p. 2003* ¶ *170.*

Obviously, the judgment creditor ought not to suffer for this mistake unless it has resulted in injury to some innocent party.

The trust company makes·no such claim. It admits that Morris was known by the several·names of "T. Edward Morris," "Edward Morris" and "Thomas E. Morris." It is not suggested that the trust company was misled by the mistake in docketing, or that it was induced to alter its position, to its disadvantage, by reason thereof. It parted with nothing to get the order on the special master. On the contrary, it appears that its order was given and obtained to provide for the payment of an obligation which fell due prior to the recovery of the Tournade judgment.

· We therefore·conclude that under the facts of this case the judgment creditor should take the fund·in preference to the trust company.

The decree of the court below will be reversed, with costs, and the record remitted to the court of chancery for further proceedings in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON,· SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—15.